D. D. TILLEY v. THE BOARD OF COUNTY COMMISSIONERS OF GREER COUNTY.

(Filed February 11, 1905.)

SCHOOL DISTRICTS, CREATION OF—Appeal to Board of County Commissioners—Rehearing Before Allowed, When—Injunction. Where a board of county commissioners have decided the right to create a new school district, under the statute which authorizes an appeal in such matters from the county superintendent to such board, it may, on motion of either party and for good cause, reconsider its former order at the same session or at the same term, unless the appeal has been granted or vested rights accrued under the first order; but such rehearing can in no event be had except

upon notice, or a voluntary appearance by the adverse parties. In such matters the commissioners should act promptly and safeguard the right of appeal.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before Clinton F. Irwin, Trial Judge.*

*Chas. H. Eagin,* for plaintiff in error.

No appearance for defendant in error.

Opinion of the court by

Burwell, J.: The county superintendent of Greer county, under the power granted in the statute, created a new school district. There was a protest against the order made, and an appeal was duly taken to the board of county commissioners, who, after a hearing, affirmed the order made by the county superintendent. The protestants then filled a motion for a rehearing which, on the next day, was sustained, and the plaintiff in this case, who is a resident of the new district and patron of the school, commenced this action to enjoin the board from proceeding further in the matter, contending that the first order was final, and that it had no power to reconsider its decision first made. The probate court, in the absence of the district judge, granted a temporary injunction. When the case came up in the district court, a demurrer to the petition was sustained and the temporary injunction dissolved. The plaintiff stood on his petition and appealed to this court. The judgment should be affirmed.

It is a general rule that boards of county commissioners may reconsider their action on any matter at the same session or at the same term, unless vested rights have accrued under the former order, or an appeal has been allowed. (11 Cyc.

page 403, sec. g.)    Neither exception applies in this case.
The authorities cited by appellant are not controlling in this
case.    It is true that the power of the board in these cases is
special and limited, and must be exercised strictly on the con-
ditions named in the statute, as held in the case of *State, ex
rel. Attorney General v. Secrest, et al.,* (Kan.) 57 Pac. 500;
and while the order made in that case by the board, in which
it vacated its former order, was held to be in excess of its
power, it should be remembered that it was made without
notice, and the reconsideration of its former decision was held
to be in excess of its power, on the ground that no notice was
given that it contemplated a reconsideration of the matter.
In the syllabus it is said:    "When the appeal is heard and de-
cided and the board adjourns till the following month, the
parties interested in the appeal have a right to infer that the
decision is final, and the board is not authorized to take up
and rehear the appeal at the following meeting without no-
tice."

In the case under consideration it will be presumed
that all parties had notice, because they were all there and
were heard on the motion to reconsider. In a case of this kind
the board must act promptly and at all times protect all par-
ties in their right of appeal; but if the board actually made
a mistake we see no good reason why they may not correct
it upon due notice, unless an appeal has been allowed or rights
accrued under their former order, and, as stated before,
neither exception applies in this case.

The judgment is affirmed at the cost of appellant.

Irwin, J., who presided in the court below, not sitting;
Beauchamp, J., absent; all the other Justices concurring.